THIS WILL ACKNOWLEDGE RECEIPT OF YOUR REQUEST FOR AN INFORMAL OPINION OF THE ATTORNEY GENERAL, WHEREIN YOU SUBMIT THE FOLLOWING QUESTION:
 IS ETHICS COMMISSIONER GRACE E. MONTGOMERY IN VIOLATION OF 74 O.S. 4203(B)(3), IF THE PURCELL REGISTER, A NEWSPAPER IN WHICH SHE IS 49% OWNER AND HER HUSBAND IS A 51% OWNER, RUNS EDITORIAL OPINIONS AND/OR ADS, BOTH PAID FOR AND NOT PAID FOR, IN SUPPORT OR IN OPPOSITION TO ANY CANDIDATE OR STATE QUESTION (BALLOT ISSUE)?
THIS QUESTION MAY BE ANSWERED BY REFERRING TO THE RELEVANT PROVISIONS OF THE ETHICS COMMISSION ACT, CODIFIED IN SECTIONS 74 O.S. 4200-74 O.S. 4246 OF 74 O.S. SUPP. 1990 AND SIGNED BY GOVERNOR WALTERS ON JUNE 13, 1991. 74 O.S. 4203(B)(3) OF TITLE 74 NOW PROVIDES:
 "NO MEMBER OR EMPLOYEE OF THE COMMISSION, DURING THE PERIOD OF SUCH MEMBERSHIP OR EMPLOYMENT, SHALL: PERMIT HIS NAME TO BE USED, OR MAKE CONTRIBUTIONS, IN SUPPORT OF OR IN OPPOSITION TO ANY CANDIDATE OR PROPOSITION."
IT IS WELL SETTLED THAT LEGISLATION WILL BE INTERPRETED ACCORDING TO ITS PLAIN AND ORDINARY MEANING. NIKKELE V. STIFEL NICOLAUS. INC., 542 P.2D 1305 (OKLA-1975)
IT IS WITH THIS PRINCIPLE IN MIND THAT WE MUST NOW ADDRESS YOUR QUESTION. IT IS MY OPINION THAT MS. MONTGOMERY WOULD NOT BE IN VIOLATION OF 4203(B)(3) IF THE PURCELL REGISTER PUBLISHED AN EDITORIAL OR AN ADVERTISEMENT, EITHER PAID OR UNPAID, WHICH ADDRESSED CANDIDATES OR ISSUE ORIENTED CAMPAIGNS. I REACHED THIS CONCLUSION FOR TWO SEPARATE REASONS.
FIRST, THE PURPOSE BEHIND 74 O.S. 4203(B)(3) IS TO PROHIBIT A MEMBER OF THE ETHICS COMMISSION FROM PERMITTING HIS OR HER NAME TO BE USED IN SUPPORT OF OR IN OPPOSITION TO ANY CANDIDATE OR PROPOSITION. IN OTHER WORDS, A MEMBER OF THE ETHICS COMMISSION IS PROHIBITED FROM ALLOWING A CANDIDATE OR SUPPORTER IN AN ISSUE ORIENTED CAMPAIGN FROM USING THAT ETHICS COMMISSION MEMBER'S NAME TO SUPPORT OR OPPOSE ANY CANDIDATE OR PROPOSITION DURING A CAMPAIGN. IN THE QUESTION WHICH YOU PRESENTED, MS. MONTGOMERY HAS NOT "PERMITTED HER NAME TO BE USED IN SUPPORT OF OR IN OPPOSITION TO ANY CANDIDATE OR PROPOSITION.
SECONDLY, MS. MONTGOMERY OWNS 49% OF THE PURCELL REGISTER. HER HUSBAND OWNS 51% OF THE PURCELL REGISTER. ARGUABLY, MS. MONTGOMERY'S HUSBAND COULD DECIDE ON WHICH ADVERTISEMENTS AND EDITORIALS SHALL BE PUBLISHED IN THE PURCELL REGISTER WITHOUT ANY DIRECTION FROM OR CONSENT OF MS. MONTGOMERY.
IT IS THEREFORE MY OPINION, BASED UPON THE QUESTION PRESENTED IN YOUR LETTER OF SEPTEMBER 5, 1991, THAT ETHICS COMMISSION MEMBER GRACE E. MONTGOMERY IS NOT IN VIOLATION OF 74 O.S. 4203(B)(3) OF TITLE 74 IF A NEWSPAPER IN WHICH SHE IS A 49% OWNER AND HER HUSBAND IS A 51% OWNER, RUNS EDITORIAL OPINIONS AND ADVERTISEMENTS EITHER PAID OR UNPAID, IN SUPPORT OF OR IN OPPOSITION TO ANY CANDIDATE OR STATE QUESTION.
(THOMAS C. RIESEN)